**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10117 |
| Plaintiff-Appellee, | D.C. No. 4:09-cr-02292-RM-BGM-1 |
| v. | |
| DANIEL AARON MILLER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted November 8, 2021**

Before:     CANBY, TASHIMA, and MILLER, Circuit Judges.

Daniel Aaron Miller appeals from the district court's judgment and challenges seven conditions of supervised release imposed on revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We vacate the district court's judgment and remand for it to reconsider special condition 6, and to

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

correct the judgment with respect to special conditions 1, 3, 5, 7, 9 and 10.

Special condition 6, which restricts Miller from having contact with minor children without prior approval, is subject to heightened procedural requirements because it implicates Miller's right to associate with his minor child. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012). As the government concedes, the district court plainly erred by failing to provide sufficient justification for the condition. *See id.* at 1092 ("[T]he sentencing court, at the time it imposes the restrictive condition on the exercise of a particularly significant liberty interest, must itself point to the evidence in the record on which it relies and explain how on the basis of that evidence the particular restriction is justified."). Accordingly, we vacate special condition 6 and remand to allow the district court to provide the required explanation for why the condition should apply to Miller's son or to exempt his son from the condition.

Miller also challenges special conditions of supervised release 1, 3, 5, 7, 9, and 10. As the government concedes, the court's oral pronouncement of these conditions conflicts with the written judgment. We, therefore, remand to the district court to enter a corrected written judgment consistent with the court's oral pronouncement of the sentence. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015).

In light of this disposition, Miller's motion for summary reversal and

21-10117

remand is denied as moot.

**VACATED and REMANDED.**